UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:       )   Case No: B-1082180 C-13D
**LAMONTICO MELVIN,**     )
**AISHA G. MELVIN,**      )
             )
  Debtor(s)        )
_____)

### OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on November 30, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On November 30, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes monthly payments of $1,431.00 for a period of 60 months. The Debtors propose to pay $11,512.00 of disposable income to general unsecured claims due to 11 U.S.C. §1325(b). The Debtors list $79,761.00 of unsecured debt in Schedule "F".

5. The Debtors have filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtors list current monthly income ("CMI") in Form B22C of approximately $6,774.84.

6. The applicable commitment period in this case is sixty months. 11 U.S.C. §1325(b)(4).

7. The Trustee objects to confirmation of the Debtors' plan in that the Debtors are not devoting all of their projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtors own an unencumbered automobile, a 2002

Honda Accord. On line 29 of Form B22C, the Debtors take a vehicle ownership expense for the 2002 Honda in the amount of $496.00. On January 11, 2011, the United States Supreme Court, in <u>Ransom v. FIA Card Services</u>, 2011 WL 66438, held that, when determining disposable income in a Chapter 13 case, a debtor may not claim a vehicle ownership deduction unless the debtor makes loan or lease payments on the vehicle. The Debtors in this case have claimed a total of $496.00 in vehicle ownership deductions that are not permissible in light of the Court's decision in <u>Ransom</u>. When this deduction is removed from Form B22C, the Debtors are left with approximately $687.87 of disposable monthly income.

8. The Trustee objects to confirmation of the Debtors' plan in that the Debtors are not devoting all projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). In Schedule I, the male Debtor has listed approximately $1,700.00 per month in income that represents a stream of payments he is entitled to for the sale of his corporation for the next nine months. According to Schedule I, the total amount the male Debtor expects to receive in income from the sale of his corporation is approximately $15,300.00. The Debtors have failed to explain why they should be entitled to retain these proceeds. The proceeds are projected disposable income for the first nine months of the Debtors' plan and should be devoted to unsecured creditors pursuant to 11 U.S.C. §1325(b).

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. Alternatively, that the Debtors' plan be modified to provide for payment of $56,572.00 to general unsecured claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 26th day of January, 2011.

s/Benjamin E. Lovell<br>
Benjamin E. Lovell<br>
Attorney for the Trustee<br>
State Bar No: 23266<br>
P.O. Box 3613<br>
Durham, N.C. 27702<br>
Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Lamontico & Aisha Melvin, 780 S. Buckeye Dr., Raeford, NC 28376, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

      This 26th day of January 2011.

                                        s/Benjamin E. Lovell
                                        Benjamin E. Lovell, Esq.
                                        Attorney for the Standing Trustee

3
Case 10-82180   Doc 16   Filed 01/27/11   Page 3 of 3