# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

IN RE:  CASE NO. 10-82180

    LAMONTICO MEZZROW MELVIN

        Debtor(s)  CHAPTER 13

## BACK BOWL I LLC'S RESPONSE TO OBJECTION TO CLAIM NUMBER 6

Back Bowl I, LLC, by and through its attorney of record, Elizabeth H. Parrott, responds to debtor's objection to Back Bowl I LLC's claim number 6 as follows:

1. The debtor has objected to Claim number 6 on the grounds that the claim did not contain sufficient documentation.

2. Back Bowl I, LLC has filed an amended proof of claim. A true and correct copy of which is attached hereto and is made a part of this Response.

3. The credit card statements and the assignments are attached.

4. The amended proof of claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure and therefore constitute prima facie evidence of the validity and amount of the claims in accordance with Federal Rule of Bankruptcy Procedure 3001(f).

WHEREFORE, Back Bowl I, LLC asks this Court to deny the Objection filed by the debtor and for such other and further relief as the Court deems just and proper.

Dated: July 15, 2011      /s/ Elizabeth H. Parrott
        Elizabeth H. Parrott  34704
        Weinstein & Riley, P.S.
        Post Office Box 23408
        Nashville, TN 37202
        (615) 742-9220
        Lizp2@w-legal.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

IN RE:                                             CASE NO. 10-82180
    LAMONTICO MEZZROW MELVIN
        Debtor(s)                              CHAPTER 13

## BRIEF IN SUPPORT OF OPPOSTION TO OBJECTION TO PROOF OF CLAIM

### INTRODUCTION

11 U.S.C. 502(a) provides that a claim or interest, proof of which is filed under section 501 of Title 11, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(b) provides that if an objection is made, the Court shall determine the amount of such claim except to the extent set forth in paragraphs (1) through (9).

Back Bowl I, LLC asserts that an amended Proof of Claim is *prima facie* evidence of the amount and validity of the claim.

Back Bowl I, LLC asserts that under North Carolina law, the issuance of the credit card is the offer and the use of the credit card is the acceptance. The card itself constitutes a formal and binding contract. *Read v Gulf Oil Corp*, 114 Ga. App 21, at p 22; 150 SE 2d. 319, (1966).

### STANDARD FOR REVIEW

A claim or interest, proof of which is filed under section 501 of Title 11 of the United States Code, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is filed, a hearing is held by the Court to determine whether the claim should be allowed or disallowed and the amount of the claim. *Pension Benefit Guaranty Corporation v. Belfance, (In Re CSC Industries, Inc)*, 232 F. 3d 505, at p 509, (6th Cir. 2001).

During the claims allowance process, the burden shifts between the parties. Initially, a

creditor bears the burden of establishing its claim. Federal Rule of Bankruptcy Procedure 3001(f). Once a creditor properly executes and files a proof of claim in accordance with Federal Rules of Bankruptcy Procedure, its proof of claim is considered "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In re Stoecker*, 5 F. 3d 1022, at p 1028 (7th Cir. 1993); *Ashford v Consolidated Pioneer Mortgage*, *(In Re Consolidated Pioneer Mortgage*), 178 BR 222 (B.A.P. 9th Cir. 1995).

A properly filed proof of claim is *prima facie* evidence of validity and amount of claim and, to overcome this *prima facie* effect, objecting party must bring forward evidence equal in probative force to that underlying proof of claim; only then is ultimate burden of persuasion with proponent of proof of claim. *In Re Hemingway Transport, Inc*. 993 F. 2d 915 (1st Cir. 1993); *In Re Fullmer*, 962 F. 2d 1463 (10th Cir. 1992); *In Re Allegheny Intern., Inc*, 954 F. 2d 167 (3rd Cir. 1992); *Matter of Fidelity Holding Co., Ltd.,* 837 F. 2d 696 (5th Cir. 1988).

If a party objects to the claim, the objecting party carries the burden of going forward with evidence to overcome the prima facie validity and the amount of the claim. *In Re Dow Corning Corp.,* 250 B.R. 298, at p 321 (Bank. E.D. Mich. 2000), citing *Juniper Dev Group v. Kahn,* 993 F. 2d 915, at p 925 (1st Cir. 1993) and *In Re Holm,* 931 F. 2d 620, at p 623 (9th Cir. 1991). If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant. *Id.* quoting *In Re Allegheny International, Inc,* 198 B.R. 270, at p 271 (Bankr. S.D. Ohio 1996). As set forth in *In Re Hughes,* 313 B.R. 205 (Bankr. E.D. Mich. 2004).

## STATEMENT OF FACTS

In response to the Objection, Back Bowl I, LLC has filed an amended proof of claim with documentation attached thereto.

## ARGUMENT

The debtor has objected to Claim number 6 on the grounds that the claim did not contain sufficient documentation. Back Bowl I, LLC has filed an amended proof of claim. A true and correct copy of which is attached hereto and is made a part of this Response. The assignments and credit card statements are attached. The amended proof of claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure and therefore constitute prima facie evidence of the validity and amount of the claim in accordance with Federal Rule of Bankruptcy Procedure 3001(f).

## CONCLUSION

WHEREFORE, Back Bowl I, LLC asks this Court to enter an Order denying the Objection to Proof of Claim number 6 and for such other and further relief as the Court deems just.

Respectfully submitted,

**WEINSTEIN & RILEY, P.S.**

Dated: July 15, 2011

/s/ Elizabeth H. Parrott
Elizabeth H. Parrott  34704
Weinstein & Riley, P.S.
Post Office Box 23408
Nashville, TN 37202
(615) 742-9220
Lizp2@w-legal.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

IN RE:　　　　　　　　　　　　　　　　　　　　CASE NO. 10-82180
　　　LAMONTICO MEZZROW MELVIN
　　　　　　　Debtor(s)　　　　　　　　　　　　CHAPTER 13


## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2011, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

John T. Orcutt, Attorney for Debtor
Richard M. Hutson, II, Chapter 13 Trustee

The foregoing were also mailed via US mail postage prepaid

Dated: July 15, 2011　　　　　　/s/ Elizabeth H. Parrott
　　　　　　　　　　　　　　　　　Elizabeth H. Parrott  34704
　　　　　　　　　　　　　　　　　Weinstein & Riley, P.S.
　　　　　　　　　　　　　　　　　Post Office Box 23408
　　　　　　　　　　　　　　　　　Nashville, TN 37202
　　　　　　　　　　　　　　　　　(615) 742-9220
　　　　　　　　　　　　　　　　　Lizp2@w-legal.com