UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                         )
                                               )    Case No. 10-82180
LAMONTICO MEZZROW MELVIN,                      )
                                               )    Chapter 13
                                               )
         DEBTOR.                               )
_____

### RESPONSE AND MEMORANDUM OF LAW OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTION TO CLAIM NUMBER 13

eCAST Settlement Corporation (eCAST), by and through its undersigned counsel, hereby responds to the Debtor's Objection to Claim Number 13 and, in support thereof, avers as follows:

### BACKGROUND

1. On November 30, 2010, Lamontico Mezzrow Melvin and Aisha Ghennet Bell Melvin (Debtors) filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. On April 18, 2011, joint Debtor, Aisha Ghennet Bell Melvin was dismissed from this bankruptcy case.

3. On February 9, 2011, eCAST, as assignee of CitiFinancial, Inc. filed a timely, general unsecured claim in the amount of $9,999.51 for the unpaid pre-petition charges incurred on Debtor, Lamontico Mezzrow Melvin's loan account number *********1107. The claim is designated as Claim Number 13 (Claim 13) on the Court's claims register. The Claim was filed by eCAST's agent, Becket & Lee LLP.

4. Claim 13 was filed with a Bill of Sale and Assignment and an account summary in support of the claim. The account summary reflects the Debtor's name and address, redacted social security number, redacted account number, original creditor name, account type, open date, charge off date, last payment date, and balance due on the account as of the Debtors' petition date.

5. The Debtors list an **undisputed** debt owed to "Citifinancial" on their signed and sworn Schedule F for the exact amount listed on Claim 13 and with an account number that matches the redacted account number listed on the claim.

6. On June 13, 2011, the Debtor filed an Objection to Claim 13 alleging the claim does not comply with Federal Rule of Bankruptcy Procedure Rule 3001(c), that the claim should not be presumed valid and that eCAST has not proven an account stated. Notably, the Debtor did not dispute his liability for the obligation or the validity thereof in any way. The Debtor requests that Claim 13 be disallowed in its entirety.

## RESPONSE

**I. eCAST's claim is *prima facie* evidence of the obligation that has not been outweighed by any contrary evidence.**

7. A claim is a "right to payment." 11 U.S.C. § 101(5)(A). "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). A properly executed and filed proof of claim is presumed to be valid. Fed. R. Bankr. P. 3001(f). "As one bankruptcy court has explained, '[a] proof of claim for an unsecured creditor requires little more than a listing of name, address, amount of claim (or a listing as "unliquidated" or "contingent"), and a signature. It should take less than 5 minutes to fill out.'" *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1058 (D.C. Cir. 1992) (quoting *In re Great W. Cities, Inc.*, 88 B.R. 109, 114 (Bankr. N.D. Tex. 1988)); *accord*

*Paul Mason & Assocs., Inc. v. Charlton* (*In re Charlton*), No. 04-30011-BKC-SHF, 2005 Bankr. LEXIS 444, at *9 (Bankr. S.D. Fla. Jan. 24, 2005) ("Proofs of claim, on the other hand, are not intended to be elaborate or detailed.")

8. Even a Proof of Claim devoid of supporting documentation establishes a *prima facie* case if a debtor, as in this case, admits the debt by listing it in his schedules. *In re Jorczak*, 314 B.R. 474, 483 (Bankr. D. Conn. 2004). By such assertion of its claim, coupled with admission by the debtor, the Claimant successfully bears its burden of production.

> However … the Presumption [of *prima facie* validity] is not the only way for a claimant to establish at least a *prima facie* case in respect of a proof of claim.… [T]he court concludes that Proof of Claim No. 2, when considered together with the relevant admission in the Schedules, establishes at least a *prima facie* case of Mr. Jorczak's liability on the claim.

*Id.* at 482-83, *cited in In re Kincaid*, 388 B.R. 610, 617 (Bankr. E.D. Pa. 2008).

9. To overcome such validity requires more than a mere unsubstantiated objection to form. *Garner v. Shier* (*In re Garner*), 246 B.R. 617, 623 (9th Cir. B.A.P. 2000), *cited with approval in Heath v. American Express Travel Related Services Co., Inc.* (*In re Heath*), 331 B.R. 424, 433 (B.A.P. 9th Cir. 2005); *see also California State Bd. of Equalization v. Official Unsecured Creditors' Comm.* (*In re Fid. Holding Co.*), 837 F.2d 696, 698 (5th Cir. 1988) ("Under Bankruptcy Rule 301(b), a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets. The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail.") (citation omitted); *In re Hollars*, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996) ("A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity.")

10. An objector assumes the burden of going forward with evidence sufficient to overcome the claimant's *prima facie* case. *In re Cluff*, 313 B.R. 323, 336 (Bankr. D. Utah 2004) ("If a proof of claim enjoys this evidentiary presumption, the objecting party has the burden of coming forward with evidence to support its objection and rebut the proof of claim.") (footnote omitted), *aff'd sub nom. Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006); *Allegheny*, 954 F.2d at 173; *McGee v. O'Connor* (*In re O'Connor*), 153 F.3d 258, 260 (5th Cir. 1998); *In re Multiponics, Inc.*, 622 F.2d 709, 714 (5th Cir. 1980). Indeed, only if the objecting party provides *substantive* evidence will he succeed in overcoming the *prima facie* effect of Fed. R. Bankr. P. 3001(f). *Vomhof v. United States*, 207 B.R. 191, 192 (D. Minn. 1997) ("An objection will deprive a proof of claim of its validity only if the objection is supported by substantial evidence. Substantial evidence to support an objection requires financial evidence and factual arguments, not legal rhetoric.") Only after overcoming the *prima facie* effect of the proof of claim does the burden of going forward shift to the claimant to prove the validity of its claim by a preponderance of the evidence. *Allegheny*, 954 F.2d at 173-74.

11. Even a claim that does not enjoy *prima facie* validity, nevertheless, withstands an assault based merely on form. *Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904, at **12-13 (D. Utah Sept. 29, 2006) (opining that the bankruptcy judge properly concluded that the filed proofs of claim, while not sufficient for *prima facie* validity, "were nonetheless sufficient to constitute some evidence of the claims, and the objecting party then carries the burden of going forward with something to rebut those claims."); *First Nat'l Bank v. Circle J Dairy* (*In re*

*Circle J Dairy, Inc.*), 112 B.R. 297, 299 (W.D. Ark. 1989). While noncompliance with Fed. R. Bankr. P. 3001(c) costs the claim's validity its *prima facie* strength, it does not invalidate the claim. *In re Henry*, 311 B.R. 813, 817 (Bankr. W.D. Wash. 2004) (observing that while courts have "held that noncompliance with the rule negates the *prima facie* validity of the claim under Rule [sic] 502(a), they have also "generally held that the failure to comply with Rule 3001(c) by attaching a writing upon which the claim is based does not alone justify disallowing the claim""); *State Bd. of Equalization v. Los Angeles Int'l Airport Hotel Assocs.* (*In re Los Angeles Int'l Airport Hotel Assocs.*), 196 B.R. 134, 139 (B.A.P. 9th Cir. 1996). This is because "the claim is regarded as having a certain standing already established by the oath" under which it is submitted. *Whitney v. Dresser*, 200 U.S. 532, 535 (1906). *See also In re Mazzoni*, 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a claim does not have prima facie validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $500,000 or up to five years in prison.") Indeed, because a claim is signed under the above described conditions, its evidentiary strength, whether *prima facie* or less, is irrelevant absent a factual dispute. *Heath*, 331 B.R. at 435.

  12. Debtor's objection is a matter of form and fails to undermine the *prima facie* validity of eCAST's claim or overcome any essential element thereof. To the contrary, the Debtor does not appear to be disputing the obligation or his liability therefor; instead relying on technical complaints regarding the amount and sufficiency of the supporting documentation.

13.  Even if, *arguendo*, eCAST's claim lacks *prima facie* validity, it nevertheless successfully bears its burden of production, and, because the Debtor fails to show any contrary evidence as to the validity of the claim, its burden of persuasion, and indeed, does not appear to dispute the existence or validity of the debt.

**II. eCAST's claim is supported by an account summary as permitted by the Official Form.**

14.  A writing upon which a claim is based must accompany the proof of claim. Fed. R. Bankr. P. 3001(c).  "The purpose of the rules regarding claims is to require creditors to provide sufficient information so that a Debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the Debtor." *In re Hughes*, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004).  This conclusion is supported by the plain language of Fed. R. Bankr. P. 3001 (c) and (f) which afford *prima facie* validity to a properly filed claim even without supporting documents, where such documents have been lost or destroyed, provided the claim is filed with an accompanying statement to that effect.

15.  Official Bankruptcy Form 10 provides that proofs of claim should be filed with supporting documents but, "If the documents are voluminous, attach a summary." (emphasis added).

16.  The majority of courts have concluded that the documentation of a credit card account is voluminous and to require such documentation be produced would be burdensome.  Thus, a summary is sufficient to support a proof of claim based upon a credit card debt.  See *In re Cluff,* 313 B.R. 323 (Bankr. D. Utah 2004) *aff'd sub nom.*, *Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-978-TS, 2006 U.S. Dist. LEXIS 71904

(D. Utah Sept. 29, 2006) citing *In re Bledsoe,* No. 1-03-01609 (Bankr. M.D. PA 2004) (finding that it would be unduly burdensome to require a credit card company to attach a complete transaction history because the debt is based on each individual credit transaction)(unpublished), see also *In re Kemmer,* 315 B.R. 706 (Bankr. E.D. Tenn. 2004) (finding that Official Form 10 allows for attachment of a summary of the claim, which falls in line with Federal Rule of Evidence 1006).

  17. The Eighth Circuit Bankruptcy Appellate Panel in *Dove-Nation, supra,* reviewed similar claims filed by eCAST. The Court ruled:

> In the instant case, the Claimant complied substantially with the rules and the instruction on the proof of claim form. The Claimant identified the claims almost to the exact dollar amounts listed by the Debtor in her schedules, attached summaries of the claims, provided explanations why additional documentation was not attached, and provided instructions to request additional documentation if desired. The claims complied with the spirit of the applicable rules and as such constituted prima facie evidence of the validity and amount of the claims. Fed. R. Bankr. P. 3001(f). However, even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b). 11 U.S.C. § 502(a) and (b).

318 B.R. at 151-152.

  18. The Debtor relies on *In re Andrews* to show that a claim lacking compliance with the requirements of Fed. R. Bankr. P. 3001 should not be considered presumptively valid. However, such reliance is misplaced. While the Court in *Andrews,* addressing the prima facie validity of a claim in reference to the affirmative defense of a statute of limitations, noted that "limited information must be filed with each proof of claim", it did not address the documentation necessary to meet the requirements of Rule 3001.

19.  Accordingly, eCAST avers that Claim 13 was sufficiently documented for the Debtor to identify the underlying account.  The claim identified the assignor, Citifinancial, the account number and the balance due, all of which matched the listing by the Debtors on Schedule F.  It also identified the account's open date, last payment date, and the charge-off date.  This information is certainly sufficient to allow the Debtors to identify the debt and to articulate a dispute with the obligation, if one exists, which they did not.  Accordingly, no lawful basis exists to disallow the claim.

**III.  The law disallows only those claims that are excepted by statute.**

20.  A  proof of claim is deemed allowed unless objected to.  11 U.S.C. § 502(a).  A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by one of the specified provisions of the statute.  *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) (opining that a claim, upon objection thereto, shall be allowed unless it "implicates any of the nine exceptions enumerated in *§ 502(b)*"); *Dove-Nation v. eCAST Settlement Corp.* (*In re Dove-Nation*), 318 B.R. 147, 150-53 (B.A.P. 8th Cir. 2004); 11 U.S.C. § 502(b)(1)-(9).  The Court "shall allow such claim" in the Court's determinate amount unless it finds one or more of nine statutory exceptions, *id.*; *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003), none of which includes failure to comply with Fed. R. Bankr. P. 3001, as alleged by the Debtors' objection.  *See, e.g.*, *Paul Mason & Assocs., Inc. v. Charlton* (*In re Charlton*), No. 04-30011-BKC-SHF, 2005 Bankr. LEXIS 444, at **8-9 (Bankr. S.D. Fla. Jan. 24, 2005) (opining that bankruptcy courts may not disallow a claim for any reason beyond those that statute furnishes).

21. The United States Bankruptcy Appellate Panel Of The Ninth Circuit addressed this topic. Unpersuaded by a debtor's argument that lack of compliance with Fed. R. Bankr. P. 3001(c) is a basis for a claim's disallowance, the court opined:

> First, we are bound by the plain meaning of the statute. Section 501(a) provides that a "creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). Section 502(a) states that a claim filed under Section 501 "is deemed allowed" unless an objection is made. 11 U.S.C. 502(a). Section 502(b) states that if an objection to a claim is made, then the court "shall" determine the amount of such claim and "**shall allow** such claim" except to the extent that one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b) (emphasis added). Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. . . . The statute's provisions cannot be enlarged or reduced by the Rules.

*Heath*, 331 B.R. at 435; *Campbell v. Verizon Wireless-CA* (*In re Campbell*), 336 B.R. 430, 435-36 (B.A.P. 9th Cir. 2005) ("Rules cannot expand the statute; they are not law; and as we stated in *Heath,* noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. . . . Objections without substance are inadequate to disallow claims, even if those claims lack the documentation required by Rule 3001(c).") (citations omitted); *see also In re Moreno*:

> [T]he Rules cannot "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Instead, the Bankruptcy Code, in particular, § 502(b), sets out the exclusive exceptions for disallowance of a claim. These exceptions do not include disallowance based on a lack of documentation. Thus, this Court agrees with the vast majority of courts which have held that a creditor's mere failure to fully comply with the documentary requirements in Rule 3001(c) does not provide a basis for objecting to, or disallowing, a claim.

*In re Moreno*, 341 B.R. at 817 (citations omitted).

22. Therefore, an objection that seeks disallowance of a claim for failure to conform to Fed. R. Bankr. P. 3001 is inadequate and may not be sustained based on the Rule alone. *In re Cluff*, 313 B.R. 323, 330-31 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904

(D. Utah Sept, 2006); *Dove-Nation*, 318 B.R. at 151, 153 ("The rules are designed to supplement the statute, not replace it….Neither procedural rules nor instructional language on official forms overrides clear statutory language."). The Rule is probative of evidentiary requirements, not of a claimant's substantive rights. *Id*.

23. In another opinion dismissing objections to claims absent a dispute about the debtor's liability or claimed amount, a court found no statutory basis for requiring attachment of documentation or disallowance if it is not attached where the Objection does not actually dispute the obligation:

> At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b)—the existence of at least a potential dispute—before the procedures governing the determination of disputes in the claims allowance process are even invoked. This conclusion follows in the first instance from the application of 11 U.S.C. § 501, which permits the filing of a proof claim, and 11 U.S.C. § 502(b), which specifies the grounds on which a claim is to be disallowed. None of these provisions requires the attachment of documentation to a proof of claim or disallowance in its absence.

*In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004)

24. Furthermore, the use of "shall" and the enumerated listing of exceptions permit no exercise of discretion beyond statute. *Taylor*, 289 B.R. at 384. As the United States Bankruptcy Appellate Panel For The Eighth Circuit opined: "Section 502(b) sets forth the *sole* grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies." *Dove-Nation*, 318 B.R. at 150 (emphasis added).

> The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in Section 502(b). The Claimant filed proofs of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.

*Id*. at 153.

"Simply put, it is not fair to a creditor to sustain an objection to its proof of claim based on inadequate documentation unless the objecting party alleges some basis for objecting on grounds that would require disallowance or reduction under [11 U.S.C.] § 502(b)." *Shank*, 315 B.R. at 812, *see also Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-978-TS, 2006 U.S. Dist. LEXIS 71904, at *11 (D. Utah Sept. 29, 2006) (opining that debtors' demand that a proof of claim be documented as would be required to obtain a judgment in state or federal court is a "novel interpretation" of 11 U.S.C. § 502 (b)(1) and "is unsupported by case law").

**IV. A Proof of Claim filed in a bankruptcy case is not subject to state laws regulating activities of collection agencies.**

25. The Constitution of the United States established that bankruptcy laws would be uniform throughout the nation. U.S. Const. art. I, § 8, cl. 4. This has been codified such that bankruptcy judges may determine all cases and core proceedings under Title 11. 28 U.S.C. § 157(b)(1). Allowance or disallowance of claims is a core proceeding. 28 U.S.C. § 157(b)(2). Thus, "when a claim arises for bankruptcy purposes, reference is to be made to federal bankruptcy law rather than to state law." *Butler v. Nationsbank, N.A.*, 58 F.3d 1022, 1029 (4th Cir. 1995) (adhering to its earlier holding in *Grady v. A. H. Robins Co., Inc.*, 839 F.2d 198, 201 (4th Cir.), *cert. dismissed*, *Joynes v. A. H. Robins Co., Inc.*, 487 U.S. 1260 (1988)).

26. "Permitting assertion of a host of state law causes of action to redress wrongs under the Bankruptcy Code would undermine the uniformity the Code endeavors to preserve and would 'stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' *Bibbo*[ *v. Dean Witter Reyonolds, Inc.*], 151

F.3d [559,] 562-63 [(6th Cir. 1998)]." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 425 (6th Cir. 2000) (*cited and quoted in Sims v. Capital One Fin. Corp.* (*In re Sims*), 278 B.R. 457, 479-80 (Bankr. E.D. Tenn. 2002); *see also Lankford v. Texas Comptroller of Pub. Accounts* (*In re Lankford*), 261 B.R. 410, 413 (Bankr. N.D. Tex 2001) ("[W]hen Congress enacts bankruptcy legislation, it acts exclusively and precludes state legislation[, and t]he state's vestiges of sovereignty yield to the national act."); *Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-978-TS, 2006 U.S. Dist. LEXIS 71904, at *11 (D. Utah Sept. 29, 2006), *aff'g In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004) (appellate reviewer opining that debtors' demand that a proof of claim be documented as would be required to obtain a judgment in state or federal court is a "novel interpretation" of 11 U.S.C. § 502 (b)(1) and "is unsupported by case law").

27. The Debtor avers that eCAST is subject to the provisions of N.C. Gen. Stat. § 58-70-115 (2011). The cited statute regulates unfair practices by a collection agency, a term which includes a debt buyer under certain circumstances. However, even assuming *arguendo* that eCAST is subject to state law when filing a Proof of Claim in a federal bankruptcy court, North Carolina statute specifically excludes from the definition of collection agency "any person, firm, corporation or association handling claims, accounts or collections *under an order or orders of any court*." N.C. Gen. Stat. § 58-70-15 (2011) (emphasis added). eCAST's proof of claim is filed against the Debtor's estate in bankruptcy pursuant to the order for relief under Chapter 13. 11 U.S.C. § 301(b). ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.") Resultantly, eCAST's action in filing a proof of claim is specifically excludes from the ambit of N.C. *Gen. Stat. § 58-70-15 (2011) and,*

*consequently,* N.C. Gen. Stat. § 58-70-115 (2011).

28. Accordingly, eCAST's claim is not excepted by 11 U.S.C. § 502(b). The Debtor's objection fails to show a basis for disallowance under the provisions of 11 U.S.C. § 502(b)(1)-(9), and is otherwise unsupported by the law. In the absence of any contrary evidence provided by the Debtor, eCAST has met its evidentiary burden and establishes the validity of its claim by a preponderance of the evidence.

**V. Debtors acknowledged the validity of the debt by listing it on their Schedule F of unsecured claim.**

29. A debtor's listing of a creditor as an unsecured claimant, standing alone, constitute a judicial admission of the debt owed. *See Mann v. Shepard & Gervich* (*In re Gervich*), 570 F.2d 247, 253 (8th Cir. 1978) (finding that bankruptcy court properly took judicial notice of verified schedules as evidence of indebtedness); *see also Morgan v. Musgrove*, 187 B.R. 808, 812-13 (Bankr. N.D. Ga. 1995); *In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) ("Verified schedules and statements filed by Debtors are not just pleadings, motions or exhibits, they contain evidentiary admissions."); *In re Leonard*, 151 B.R. 639, 643 (Bankr. N.D. N.Y. 1992) (finding that debtor's schedule entry created admission of debt); *Larson v. Groos Bank, N.A.,* 204 B.R. 500, 502 (W.D. Tex. 1996) (debtor's statement on bankruptcy schedules that he had no contingent and unliquidated claims was a judicial admission).

30. Some courts question debtors' motivation in seeking disallowance of claims they judicially admit, by listing them in their Schedules. *In re Moreno*, 341 B.R. 813, 818 (Bankr. S.D. Fla. 2006) ("[I]f a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any,

documentation is necessary. . . . Moreover, this Court joins other courts which have criticized the tactic of filing an objection to an undisputed scheduled claim."); *see also In re Gonzalez*:

> The Court reiterates and expands on what it said in Moreno. Claims objections must be based on a good faith belief that some or all of the amount claimed is not owed. The Court will not tolerate a practice in which debtors seek to disallow, in their entirety, claims which are scheduled in some amount as undisputed.

356 B.R. at 907 (Bankr. S.D. Fla. 2006); *In re Cluff*, 313 B.R. 323, 342 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006) ("It causes the Court to question the Debtors' motive in filing these unsupported objections…."); *In re Padilla*, No. 04-42708-H2-13, 2006 Bankr. LEXIS 1593, at *3 (Bankr. S.D. Tex. June 29, 2006) (opining that a debtor's admissions in her schedules are "highly relevant" and are statements made subject to criminal prosecution and denial of discharge, and, furthermore, that objections to claims interposed for improper motives may possibly be sanctionable conduct); *In re Armstrong*, 320 B.R. 97, 109 (Bankr. N.D. Tex. 2005) (opining that a court would consider sanctioning a debtor's attorney for continuing to prosecute an objection to claim after the claimant had supplied additional supporting documentation).

31. As previously noted, on their Schedule F in the instant case, the Debtors listed the debt represented by Claim 13 in the exact amount as the claim filed and as **undisputed**. Likewise, the Debtor's objection does not state any substantive dispute with his liability for the debt.

## CONCLUSION

32. It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305 (1939).

33. eCAST adhered to the Rules of Bankruptcy Procedure in the filing of the claim and thus the claim is *prima facie* valid as filed. Should the Debtor raise a substantive dispute with the debt, which he has not, eCAST agrees that it then has the ultimate burden to prove the debt. Disallowance of the claim under these circumstances, however, is unwarranted.

**WHEREFORE**, eCAST Settlement Corporation respectfully requests that the Court overrule the Debtor's Objection to Claim Number 13 and allow the claim as filed.

Respectfully submitted,

BY: /S/ James E. Vaughan
James E. Vaughan
NC Bar #12669
JAMES E. VAUGHAN, ATTORNEY AT LAW, P.C.
206 North Spruce Street, Suite 2A
Winston-Salem, NC 27101
(336) 725-7772 / FAX (336) 725-7737
*Local Counsel for eCAST Settlement Corporation*

BECKET & LEE LLP
P.O. Box 3001
Malvern, PA 19355
(610) 644-7800
*Counsel for eCAST Settlement Corporation*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
) Case No. 10-82180
LAMONTICO MEZZROW MELVIN, )
) Chapter 13
)
DEBTOR. )

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **RESPONSE AND MEMORANDUM OF LAW OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTION TO CLAIM NUMBER 13** was served upon the following parties by mailing such copy by first class, postage prepaid mail, addressed as follows:

ADDRESSEES:

Lamontico Mezzrow Melvin
780 S. Buckeye Drive
Raeford, NC 28376

**Notice electronically sent to:**

John T. Orcutt, Esquire

Koury L. Hicks, Esquire

Richard M. Hutson, II, Trustee


Dated: July 18, 2011.


BY: /S/ James E. Vaughan
James E. Vaughan, Esquire
NC Bar #12669
JAMES E. VAUGHAN, ATTORNEY AT
LAW, P.C.